Richard K. Mahrle #005166
**GAMMAGE & BURNHAM, PLC**
TWO NORTH CENTRAL AVENUE
15TH FLOOR
PHOENIX, AZ 85004
TELEPHONE (602) 256-0566
FAX (602) 256-4475
EMAIL: RMAHRLE@GBLAW.COM

Jack B. Krona, Jr. *(pro hac vice admission pending)*
5219 N. Shirley Street, Suite 100
Ruston, WA 98407
WSBA No. 42484
j_krona@yahoo.com
(253) 341-9331

Attorneys for Plaintiff McBride-Cohen Management Group, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| McBride-Cohen Management Group, LLC, a Washington limited liability company, <br><br> Plaintiff, <br><br> -v- <br><br> CamCo Commercial, Inc., a Nevada corporation, <br><br> Defendant. | No. _____ <br><br> **COMPLAINT IN A CIVIL ACTION FOR BREACH OF CONTRACT** <br><br> (28 U.S.C. § 1332, Diversity of Citizenship) |

### I.  Nature of Action

1. This is an action for breach of contract and to enforce the terms of a binding Earnest Money agreement between the parties.

### II.  Parties and Diversity Allegations

2. Defendant CamCo Commercial, Inc. ("CamCo") is a corporation incorporated in the state of Nevada and, on information and belief, has its principal place of business in Nevada. For purposes of diversity jurisdiction, CamCo is citizen of the state

1

of Nevada. CamCo's registered agent is listed as United States Corporation Agents, Inc. located at 500 N Rainbow Blvd., Suite 300 A, Las Vegas, NV 89107. CamCo is not a citizen of the state of Washington.

3. McBride-Cohen Management Group, LLC, is a Washington limited liability company ("MCMG") in good standing doing business in Pierce County, WA. MCMG is not a citizen of Nevada for purposes of diversity jurisdiction. MCMG's sole member is Loren McBride Cohen, a natural person, who is domiciled and is a citizen of the state of Washington. Thus, under *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990), MCMG is a citizen of the state of Washington, and not Nevada, based on the citizenship of its sole member.

4. On information and belief, CamCo Commercial, Inc. has an office in Phoenix, AZ, and its Chairman, Cameron Colvin, lives in Paradise, AZ.

### III. Jurisdiction and Venue

5. This Court has subject-matter jurisdiction over all claims asserted in the Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversies exceeds $75,000, exclusive of interest and costs. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to the claim occurred here, and the property that underlies the contract that is subject to the action is located in this district and division.

### IV. Facts and Statement of Claim

6. After a number of months of negotiations, MCMG as Seller, and CamCo as Buyer, entered into a "Joint Venture Term Sheet," that outlined the basis under which they

2

would enter into a joint venture to fund and develop a real estate development Project known as South Pier at Tempe Town Lake in Tempe, Arizona.

7. The Term Sheet contemplated that CamCo would purchase 49.99% of MCMG's membership interest in South Pier Tempe Holdings, LLC for $100,000,000, as well as fund $250,000,000 in additional cash equity investments towards the development.

8. MCMG and CamCo agreed that the Term Sheet was non-binding, except for "the 'Earnest Money' and 'Confidentiality & Exclusivity' provisions above..."

9. The Earnest Money provision of the Term Sheet contains two paragraphs. The second paragraph of the Earnest Money provision relates to a "Cancellation Penalty", which was inserted by CamCo as part of the final negotiations of the Term Sheet. A snapshot of this provision is as follows, including the signatures on behalf of both MCMG and CamCo indicating both parties' acceptance of this paragraph:

> **Earnest Money**  Within two (2) business day after full execution of this letter, Buyer will deposit the sum of Two Million United States Dollars ($2,000,000 USD) ("**Letter of Intent Deposit**") into an escrow account at the Tacoma, WA office of Chicago Title Company ("**Escrow Agent**"), which shall be fully refundable to Buyer. Upon full execution of a definitive Purchase Contract the Letter of Intent Deposit will be deemed to become earnest money (the "**Earnest Money**").
>
> Purchaser's Default - Cancellation Penalty. If Purchaser fails to consummate this transaction for any reason other than Seller's intentional and willful default, failure of a condition to Purchaser's obligation to close, or the exercise by Purchaser of an express right of termination granted herein, Seller shall be entitled, as its sole remedy hereunder, to a Cancellation Penalty in the amount of $250,000 as full liquidated damages ("Cancellation Penalty") for such default of Purchaser. The parties hereto acknowledging that it is impossible to estimate more precisely the damages which might be suffered by Seller upon Purchaser's default, and that said Cancellation Penalty is a reasonable estimate of Seller's probable loss in the event of default by Purchaser. Seller's receipt of said Cancellation Penalty is intended as full liquidated damages and Seller's sole and exclusive remedy in the event of default hereunder by Purchaser, and Seller hereby waives and releases any right to (and hereby covenants that it shall not) sue the Purchaser: (a) for specific performance of this Agreement, or (b) to recover actual damages in excess of the Cancellation Penalty.

10. Effective October 15, 2019, Cameron Colvin, CamCo's Chairman, executed the Term Sheet on behalf of CamCo, creating a binding duty on behalf of CamCo to deposit $2,000,000 into the account of the Escrow Agent within two business days.

11. MCMG did not intentionally or willfully default on any obligation contained in the binding Earnest Money agreement or fail to fulfill a condition to CamCo's obligation to close.  CamCo did not exercise any valid contractual reason not to close on the transaction that required it to deposit $2,000,000 into escrow.  CamCo breached its obligation to deposit $2,000,000 into the account held by the Escrow Agent.

12. MCMG demanded CamCo tender the Cancellation Penalty under the Earnest Money provision, but it failed to do so.  Accordingly, MCMG filed this suit to enforce its rights under the binding terms of the Earnest Money provisions of the Term Sheet.

## IV.   PRAYER FOR RELIEF / DEMAND FOR JUDGMENT

13. MCMG demands judgment against CamCo for the $250,000 Cancellation Penalty under the binding Earnest Money provision of the Term Sheet, plus any applicable interest and recoverable attorneys' fees, and for any other legal and equitable relief that it proves itself entitled arising out of the facts and circumstances giving rise to this Complaint.

///

///

///

DATED this 24th day of April 2020.

                    GAMMAGE & BURNHAM, P.L.C.

By /s/ Richard K. Mahrle
   Richard K. Mahrle
   Two North Central Avenue, 15th Floor
   Phoenix, Arizona 85004
   Attorney for Plaintiff

   Jack B. Krona, Jr.
   Law Offices of Jack B. Krona Jr.
   5219 N. Shirley Street, Suite 100
   Ruston, WA 98407
   Attorney for Plaintiff
   *(pro hac vice admission pending)*